# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Crim. No. 3:03CR133(CFD)** |
| | : | |
| **DARRELL TUCKER** | : | **September 21, 2005** |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## POST-SENTENCING, PRO-SE COMMUNICATION TO COURT

On March 17, 2004, the defendant, Darrell Tucker, entered a plea of guilty to a one-count Indictment charging him with possession of a firearm by a previously convicted felon, in violation of Title 18, United States Code, §§ 922(g)(1) and 924(a)(2). Specifically, Count One of the Indictment charged:

> On or about December 9, 2002, at Bridgeport, in the District of Connecticut, **DARRELL TUCKER**, the defendant herein, having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment for a term exceeding one year, that is (1) First Degree Forgery, in violation of Connecticut General Statute § 53a-138, on October 16, 1989; (2) First Degree Failure to Appear, in violation of Connecticut General Statute § 53a-172, on October 16, 1989; and (3) Second Degree Assault, in violation of Connecticut General Statute § 53a-60, on December 4, 1987, did knowingly possess a firearm in and affecting commerce, that is, one .38 caliber Smith and Wesson revolver bearing serial number 215007, which had been transported in interstate or foreign commerce.

The parties entered into a written plea agreement, in which the defendant stipulated to the following offense conduct:

> On December 9, 2002, the defendant, Darrell Tucker, while in the vicinity of Bunnell Street and Connecticut Avenue, in Bridgeport, Connecticut, at approximately 6:00 p.m., knowingly possessed one .38 caliber Smith and Wesson revolver bearing serial number 215007. Prior to December 9, 2002, the defendant had been convicted of first degree forgery, first degree failure to appear, and second degree assault, all felony offenses in the state of Connecticut. Also prior to December 9, 2002, the subject firearm had been transported in or affected interstate commerce.

The parties did not enter into a guideline stipulation, and they retained their respective rights to

appeal the sentence ordered by the Court.

On August 4, 2004, this Court sentenced the defendant to 51 months' incarceration, which was the bottom of the 51-63 guideline range calculated at sentencing. In so ruling, the Court denied the defendant's request for a downward departure, which was premised, among other things, upon claims that the defendant suffered from a diminished mental capacity, that the defendant committed the instant offense under duress, that the defendant had a difficult childhood, that the defendant had been seeking treatment for his drug addiction, and that the defendant's criminal history category substantially over-represented the seriousness of his criminal past. At the conclusion of the sentencing hearing, the Court advised the defendant of his right to appeal his sentence.

The defendant did not file a notice of appeal or a motion pursuant to 28 U.S.C. § 2255. At some point prior to September 1, 2005, the defendant sent the Court an undated, pro se, ex parte letter. In the letter, the defendant claimed that he was advised by his counsel that he would receive a downward departure at sentencing and that he would receive credit for pre-trial time spent at an in-patient drug treatment program. He recalled that the Court had indicated at sentencing that the Bureau of Prisons, not the Court, would decide whether the defendant could receive credit toward his term of incarceration for pre-trial time spent in drug treatment. Nevertheless, he asked the Court to credit the time he spent in drug treatment toward his 51 month sentence.

On or about August 31, 2005, the Court ordered the Clerk of the Court to docket the defendant's letter, which afforded disclosure of the letter to the Government. At the same time, the Court ordered the Government to respond to the pro se communication on or before September 29, 2005.

In Adams v. U.S., the Second Circuit noted:

If a district court receiving a motion under some other provision of law elects to treat it as

a motion under §2255 and then denies it, that may cause the movant's subsequent filing of a motion under §2255 to be barred as a 'second' §2255. Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated.

Adams, 155 F.3d 582, 583 (2d Cir. 1998). The Adams court held that a motion purportedly made under some other rule should not be recharacterized as a motion made under §2255 unless "(a) the movant, with knowledge of the potential adverse consequences of such a recharacterization agrees to have the motions so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under §2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it recharacterized." Id. at 584.

At this point, the Government seeks guidance from the Court as to the appropriate next step, to the extent there is one, in addressing the defendant's post-sentencing filing. Should the Court decide to construe the defendant's letter as a § 2255 motion, it would appear that, under Adams, it must notify the defendant of this decision and give him the option of either consenting to such treatment or withdrawing the motion.[1] Putting aside the issue of whether a § 2255 motion would suffer from any procedural or substantive defect, if the Court decides not to treat the letter as a § 2255 motion, there would appear to be no other procedural venue which would afford the Court

---

[1] At this point, it appears that the defendant is proceeding pro se and without the assistance of his trial attorney or any other counsel. Apparently, he prepared and sent the letter to the court on his own, without the assistance of counsel. Therefore, the Government will serve the defendant with a copy of this pleading.

jurisdiction to consider the defendant's claims.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ROBERT M. SPECTOR
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT18082
450 MAIN STREET
HARTFORD, CT 06103
860-947-1101


## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was sent via regular first-class

mail, this 21st day of September, 2005 to:

Mr. Thomas Belsky                      Mr. Darrell Tucker
2 Whitney Avenue                       Inmate Number 15170-014
New Haven, CT 06510                    FCI McLean
                                       P.O. BOX 8000
                                       Bradford, PA 16701



_____
ROBERT M. SPECTOR
ASSISTANT UNITED STATES ATTORNEY